■ CONCERNED HOME CARE PROVIDERS, INC., Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [21 NYS3d 631]—In an action for declaratory and injunctive relief, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated July 29, 2014, as denied its cross motion for summary judgment on the complaint and granted the defendants' motion for summary judgment dismissing the cause of action for injunctive relief and, in effect, declaring that Executive Order (Cuomo) No. 38 (9 NYCRR 8.38) and 10 NYCRR part 1002 are not unconstitutional, void ab initio, or violative of the separation of powers doctrine.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Executive Order (Cuomo) No. 38 (9 NYCRR 8.38) and 10 NYCRR part 1002 are not unconstitutional, void ab initio, or violative of the separation of powers doctrine.

For the reasons stated in our opinion and order in a

companion appeal (*see Agencies for Children's Therapy Servs., Inc. v New York State Dept. of Health*, — AD3d —, 2015 NY Slip Op 09647 [2015] [decided herewith]), the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the complaint and properly granted the defendants' motion for summary judgment dismissing the cause of action for injunctive relief and, in effect, declaring that Executive Order (Cuomo) No. 38 (9 NYCRR 8.38) (hereinafter Executive Order No. 38) and 10 NYCRR part 1002 are not unconstitutional, void ab initio, or violative of the separation of powers doctrine.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Executive Order No. 38 and 10 NYCRR part 1002 are not unconstitutional, void ab initio, or violative of the separation of powers doctrine (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Dillon, J.P., Dickerson, Roman and LaSalle, JJ., concur.